

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HENRY A. WHITFIELD, an individual, | 2:10-CV-99-ECR-PAL |
| Plaintiff, | |
| vs. | **Order** |
| PICK UP STIX, INX., a California Corporation; PICK UP STIX NEVADA, INC., a Nevada Corporation; MARK BUNIM, an individual; GLENN RUTTER, an individual; DOES 1 through 100; and ROE CORPORATIONS 1 through 100, | |
| Defendants. | |

Plaintiff in this case is an African American male. He contends that Defendants refused to hire him because of his race. Defendants include Pick Up Stix, Inc., a California corporation and Pick Up Stix, Nevada Inc., a Nevada corporation (collectively referred to herein as "Pick Up Stix"). Defendants also include various employees of Pick Up Stix: Mark Bunim, a district operator, Gordon Keith Denman, an area supervisor and Glenn Rutter, a human resources manager.

Now pending are Pick Up Stix and Glenn Rutter's motion (#19) to dismiss and Mark Bunim and Gordon Keith Denman's motion (#30) to dismiss. Plaintiff opposed (## 20 and 22) the motions, and Defendants Pick Up Stix and Glenn Rutter replied (#21). The motions are ripe, and we now rule on them.

## I. Factual and Procedural Background

The facts as alleged in the complaint are as follows: "Prior to February 7, 2006, Plaintiff participated in a telephone interview with Mr. Denman wherein Mr. Denman informed him that his qualifications were perfect and that he simply needed to come in for a 2nd interview to finalize his hiring for the position of assistant manager with [Pick Up Stix]." (Compl. ¶ 19 (#1).) On or about February 7, 2006, Plaintiff "was interviewed in person by Mr. Bunim, Mr. Denman and Mr. Rutter for the position of assistant manager with [Pick Up Stix]." (Id. ¶ 20.) During the interview "Defendants visually expressed shock and outrage over Plaintiff's race." (Id. ¶ 21.) Defendants informed Plaintiff that he was "just not what we are looking for right now" and that "they had no openings for assistant manager with [Pick Up Stix]." (Id. ¶ 22.) Defendants subsequently hired "less qualified, non-African American individuals for the position of assistant manager." (Id. ¶ 23.)

On January 22, 2010, Plaintiff filed the complaint (#1) in the present lawsuit. On March 31, 2010, Defendants Pick Up Stix and Glenn Rutter filed a motion (#21) to dismiss. Plaintiff opposed (#20) the motion, and Defendants replied (#21). On June 23, 2010, defendants Mark Bunim and Gordon Keith filed a motion (#30) to dismiss. Plaintiff opposed (#32) the motion.

## II. Motion to Dismiss Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

2

570 (2007). On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the

motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

### III. Discussion

Defendants challenge all of Plaintiff's claims. We will examine each claim in turn.

#### A. Race Discrimination

Plaintiff's first claim for relief asserts that he has been the victim of purposeful discrimination. Specifically, Plaintiff alleges that he was not hired because of his race in violation of Title VII of the Civil Rights Act of 1967, 42 U.S.C. §§ 2000(e)-

2000(e)-17 (1982) ("Title VII"). Defendants contend that Plaintiff fails to state a claim for race discrimination. Defendants also contend that Plaintiff cannot bring a Title VII suit against the individually named defendants.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). A prima facie claim for failure to hire based on race requires a plaintiff to show: "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Plaintiff states a claim against Pick Up Stix. Plaintiff alleges that he is African American. He further alleges that he was qualified for the position of assistant manager with Pick Up Stix. Finally, Plaintiff alleges that he was not hired. Instead, Pick Up Stix hired less qualified individuals who were not African American. Plaintiff's allegations suffice to put Pick Up Stix on notice of the nature of this claim.

Individual defendants, however, cannot be held liable for damages under Title VII. Miller v. Maxwell's Intern. Inc., 991 F.2d

583, 587 (9th Cir. 1993). Plaintiff's first claim will therefore be dismissed as to the individual defendants named in this lawsuit.

### B. Harassment

Plaintiff's second claim alleges harassment under Title VII. To maintain a claim under Title VII for harassment, a Plaintiff must show that: 1) he was subjected to verbal or physical conduct of a racial nature, 2) this conduct was unwelcome, and 3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. See Fuller v. City of Oakland, Cal., 47 F.3d 1522, 1527 (9th Cir. 1995)(internal quotation marks and citation omitted). Plaintiff's allegations do not support a Title VII claim for harassment. Plaintiff was never employed by Pick Up Stix. Therefore, he could not have been subjected to an abusive working environment. Plaintiff's second claim will therefore be dismissed.

### C. Intentional and Negligent Infliction of Emotional Distress

Plaintiff's third and fourth claims for relief allege intentional and negligent infliction of emotional distress, respectively. Under Nevada's applicable statute of limitations, Plaintiff had two years from February 2006 to file these tort claims. See Orr v. Bank of America, NT & SA, 285 F.3d 764, 780-81 (9th Cir. 2002)(citing NEV. REV. STAT. § 11.190(4)(e) (2001)); NEV. REV. STAT. § 11.190(4)(e) (2001)(providing a two-year limitations period for "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another"); Arnold v. United States, 816 F.2d 1306, 1312-13 (9th Cir. 1987)(noting that filing a Title VII claim does not toll the limitations period for

tort claims). Plaintiff did not file the present lawsuit until January 22, 2010, almost two years after the limitations period expired. Plaintiff's third and fourth claims are thus time barred unless equitable tolling applies.

There are several factors a court should consider in determining whether the doctrine of equitable tolling should apply in a given case: "the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case." Copeland v. Desert Inn Hotel, 673 P.2d 490, 492 (Nev. 1983).

Plaintiff argues in his opposition that the statute of limitations should be tolled on various grounds. Nevertheless, it is clear from the face of the complaint that Plaintiff's state-law claims are time-barred and Plaintiff failed to plead any facts in his complaint demonstrating an entitlement to tolling. See Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 991 (9th Cir. 2006)(noting that "federal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings"). Therefore, we conclude that Plaintiff's state law claims are time barred; they will be dismissed on that basis.

## IV. Leave to Amend

Under Rule 15(a) leave to amend is to be "freely given when justice so requires." FED. R. CIV. P. 15(a). In general, amendment should be allowed with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). If factors such as undue delay, bad faith, dilatory motive, undue prejudice or futility of amendment are present, leave to amend may properly be denied in the district court's discretion. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003)(discussing Foman v. Davis, 371 U.S. 178, 182 (1962).

In light of the liberal spirit of Rule 15, Plaintiff should have leave to amend his complaint in order to cure the claims dismissed by this Order. If Plaintiff chooses not to amend his complaint, this case will continue with respect to the claim not dismissed by this Order.

## V. Conclusion

Plaintiff states a claim against Pick Up Stix for racial discrimination in violation of Title VII. Individual defendants, however, cannot be held liable for damages under Title VII. Plaintiff's first claim will therefore be dismissed as to the individually named defendants. Plaintiff does not state a claim for racial harassment. Plaintiff's second claim will therefore be dismissed. Plaintiff's third and fourth claims for relief, alleging intentional and negligent infliction of emotional distress, respectively, are barred by the applicable statute of limitations

and are not subject to equitable tolling. These claims will therefore be dismissed. Plaintiff shall have leave to file an amended complaint.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants Pick Up Stix Inc., Pick Up Stix Nevada Inc. and Glenn Rutter's motion to dismiss (#19) is **GRANTED** in part and **DENIED** in part on the following basis: Defendants' motion is granted with respect to Plaintiff's second, third and fourth claims. With respect to Plaintiff's first claim for relief, the motion is denied as to Defendants Pick Up Stix, Inc. and Pick Up Stix, Nevada Inc. and granted as to Defendant Glenn Rutter.

**IT IS HEREBY FURTHER ORDERED** that Defendants Mark Bunim and Gordon Keith Denman's motion to dismiss (#30) is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff shall have 21 days within which to file an amended complaint. If Plaintiff does not file an amended complaint this case will proceed with respect to Plaintiff's claim not dismissed by this Order.

DATED: December 9, 2010.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE