# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HENRY A. WHITFIELD,<br><br>                Plaintiff,<br><br>vs.<br>PICK UP STIX, INC. and PICK UP STIX NEVADA, INC.,<br><br>                Defendants. | Case No. 2:10-cv-00099-ECR-PAL<br><br>**ORDER**<br><br>Defendant's Motion for Sanctions (#52) |

This matter is before the Court on Defendant's Motion for Sanctions (#52), filed June 16, 2011; Plaintiff's Opposition to Defendant's Motion for Sanctions (#53), filed June 30, 2011; and Defendant's Reply in Support of Motion for Sanctions (#54), filed July 8, 2011.

## BACKGROUND

Plaintiff seeks damages based on a claim of racial discrimination asserted under Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. §§ 2000e-a *et seq.*). On March 14, 2011, the matter was referred to the undersigned United States Magistrate Judge to conduct an Early Neutral Evaluation (ENE). *See* Local Rule (LR) 16-6 (setting forth the purpose and procedure for the District of Nevada's ENE program). The ENE went forward on May 25, 2011, and lasted for approximately three hours. *See* Order (#51). The parties did not reach a settlement and the case was returned to the normal litigation track.

On June 16, 2011, Defendants filed the Motion for Sanctions (#52) currently before the Court. Defendants claim that the Plaintiff's decision not to state the amount of damages he is seeking or an amount he would consider to settle the case during the ENE conference constitutes a failure to participate in good faith. Defendants further claim the lack of good faith participation is underscored by Plaintiff's refusal to respond to a "generous settlement offer" made despite

Defendants' belief that there is "no basis for the case." *See* Def.s' Mot. (#52) at 2:22-23. Defendants contend that the "fundamental purpose of the session" was frustrated by Plaintiff's "refus[al] to commit to any [settlement] amount whatsoever." *Id*. at 2:24-25.

In response, Plaintiff states that he "declined Defendants' offer and decided against making a counteroffer based upon the clear indication taken from the Defendants' offer that any counteroffer would be futile as they were not serious about settlement." *See* Pl.'s Resp. (#53) at 4:17-19. Plaintiff states further that during the ENE conference he was neither required to settle the case nor required to tell Defendants what amount he would settle for. *Id*. at 6:12-15. According to Plaintiff, he complied with ENE requirements set forth in the scheduling order and the decision "not to accept or counter [Defendants'] offer" does not support a finding that he did not participate in good faith. *Id*. at 7:16-18.

## DISCUSSION

All parties have a responsibility to comply with court orders. Failure to comply with pretrial scheduling orders may result in sanctions under Rule 16(f). The purpose of Rule 16 is to "encourage forceful judicial management" of litigation, as well as to improve the quality of trial by more thorough preparation. *See* Advisory Committee on Rules, Notes to 1983 Amendment; Rules 16(a)(2) and 16(a)(4). The settlement of cases prior to the filing of dispositive motion and trial benefits the court and the parties by securing just, speedy and inexpensive determinations consistent with Rule 16. *Pitman v. Brinker Intern., Inc.*, 216 F.R.D. 481, 485 (D. Ariz. 2003). Local Rule 16-6 mandates that all employment discrimination actions undergo an Early Neutral Evaluation. "The purpose of the early neutral evaluation session is for the evaluating Magistrate Judge to give the parties a candid evaluation of the merits of their claims and defenses." LR 16-6. Although the parties cannot be compelled to settle, under Rule 16(f), the court may issue sanctions if a party or its attorney is substantially unprepared to participate or does not participate in good faith. Fed. R. Civ. Pro. 16(f); *see Tamura v. F.A.A.*, 908 F.2d 977 at *2 (9th Cir. 1990). Prior to the imposition of sanctions under Rule 16(f), a party must be afforded notice and an opportunity to be heard. *Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir. 1990). The imposition of sanctions under Rule 16 is a matter committed to the sound discretion of the district court. *See Ford v. Alfaro*, 785 F.2d 835,

1  840 (9th Cir.1986).

2  　　　The Court does not find that Plaintiff's participation in the ENE held on May 25, 2011, was
3  lacking good faith.  Plaintiff complied with the Court's Order (#46) and made a good faith attempt to
4  participate in the ENE conference.   Because of the confidential nature of the ENE, the Court will
5  not comment on what specifically transpired during the ENE session except to state that in
6  compliance with the Court's order, Plaintiff submitted to the Court a detailed Confidential Written
7  Evaluation Statement of the case prior to the ENE, attended the ENE conference, and actively
8  participated.  Plaintiff was neither unprepared for the ENE nor was he recalcitrant during the
9  conference.

10 　　　The lack of settlement in this case did not result from the Plaintiff's failure to adequately
11 prepare for the ENE.  While the Court would have hoped that the experience of discussing the
12 benefits of compromising claims and probing the relative merits and likely exposures of both parties'
13 cases would have caused Plaintiff to indicate a willingness to further negotiate with the Defendants,
14 that did not occur.  The parties' failure to settle during a pretrial conference has no bearing on the
15 Court's decision to impose sanctions.  Rule 16 "was not designed as a means for clubbing the
16 parties-or one of them-into an involuntary compromise." *Kothe v. Smith*, 771 F.2d 667, 669 (2nd
17 Cir.1985).  Each party has a right to their day in court, if they so desire.  The Court therefore finds
18 the Plaintiff participated in the ENE held on May 25, 2011, in good faith.  Accordingly,

19 　　　**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions (#52) is **denied**.
20 　　　Dated this 1st day of September, 2011.

```
                                    _____
                                    GEORGE FOLEY, JR.
                                    United States Magistrate Judge
```