1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

7
8
9
10
11
12

| | |
|---|---|
| HENRY A. WHITFIELD,                                    ) | |
|                                                        ) | |
|                              Plaintiff,                ) | Case No. 2:10-cv-00099-ECR-PAL |
|                                                        ) | |
| vs.                                                    ) | **ORDER** |
| PICK UP STIX, INC. and PICK UP STIX                    ) | |
| NEVADA, INC.,                                          ) | Defendant's Motion for Sanctions (#52) |
|                                                        ) | |
|                              Defendants.               ) | |
| _____ ) | |

13      This matter is before the Court on Defendant's Motion for Sanctions (#52), filed June 16,

14  2011; Plaintiff's Opposition to Defendant's Motion for Sanctions (#53), filed June 30, 2011; and

15  Defendant's Reply in Support of Motion for Sanctions (#54), filed July 8, 2011.

16                                        **BACKGROUND**

17      Plaintiff seeks damages based on a claim of racial discrimination asserted under Title VII of

18  the Civil Rights Act of 1964 (codified at 42 U.S.C. §§ 2000e-a *et seq.*).  On March 14, 2011, the

19  matter was referred to the undersigned United States Magistrate Judge to conduct an Early Neutral

20  Evaluation (ENE).  *See* Local Rule (LR) 16-6 (setting forth the purpose and procedure for the

21  District of Nevada's ENE program).  The ENE went forward on May 25, 2011, and lasted for

22  approximately three hours.  *See* Order (#51).  The parties did not reach a settlement and the case was

23  returned to the normal litigation track.

24      On June 16, 2011, Defendants filed the Motion for Sanctions (#52) currently before the

25  Court.  Defendants claim that the Plaintiff's decision not to state the amount of damages he is

26  seeking or an amount he would consider to settle the case during the ENE conference constitutes a

27  failure to participate in good faith.  Defendants further claim the lack of good faith participation is

28  underscored by Plaintiff's refusal to respond to a "generous settlement offer" made despite

1   Defendants' belief that there is "no basis for the case."  *See* Def.s' Mot. (#52) at 2:22-23.

2   Defendants contend that the "fundamental purpose of the session" was frustrated by Plaintiff's

3   "refus[al] to commit to any [settlement] amount whatsoever."  *Id*. at 2:24-25.

4       In response, Plaintiff states that he "declined Defendants' offer and decided against making a

5   counteroffer based upon the clear indication taken from the Defendants' offer that any counteroffer

6   would be futile as they were not serious about settlement."  *See* Pl.'s Resp. (#53) at 4:17-19.

7   Plaintiff states further that during the ENE conference he was neither required to settle the case nor

8   required to tell Defendants what amount he would settle for.  *Id*. at 6:12-15.  According to Plaintiff,

9   he complied with ENE requirements set forth in the scheduling order and the decision "not to accept

10  or counter [Defendants'] offer" does not support a finding that he did not participate in good faith.

11  *Id*. at 7:16-18.

12                              **DISCUSSION**

13      All parties have a responsibility to comply with court orders.  Failure to comply with pretrial

14  scheduling orders may result in sanctions under Rule 16(f).  The purpose of Rule 16 is to "encourage

15  forceful judicial management" of litigation, as well as to improve the quality of trial by more

16  thorough preparation.  *See* Advisory Committee on Rules, Notes to 1983 Amendment; Rules

17  16(a)(2) and 16(a)(4).  The settlement of cases prior to the filing of dispositive motion and trial

18  benefits the court and the parties by securing just, speedy and inexpensive determinations consistent

19  with Rule 16.  *Pitman v. Brinker Intern., Inc.*, 216 F.R.D. 481, 485 (D. Ariz. 2003).  Local Rule 16-6

20  mandates that all employment discrimination actions undergo an Early Neutral Evaluation.  "The

21  purpose of the early neutral evaluation session is for the evaluating Magistrate Judge to give the

22  parties a candid evaluation of the merits of their claims and defenses."  LR 16-6.  Although the

23  parties cannot be compelled to settle, under Rule 16(f), the court may issue sanctions if a party or its

24  attorney is substantially unprepared to participate or does not participate in good faith.  Fed. R. Civ.

25  Pro. 16(f); *see Tamura v. F.A.A.*, 908 F.2d 977 at *2 (9th Cir. 1990).  Prior to the imposition of

26  sanctions under Rule 16(f), a party must be afforded notice and an opportunity to be heard.  *Ayers v.*

27  *City of Richmond,*  895 F.2d 1267, 1270 (9th Cir. 1990).  The imposition of sanctions under Rule 16

28  is a matter committed to the sound discretion of the district court.  *See Ford v. Alfaro*, 785 F.2d 835,

840 (9th Cir.1986).

The Court does not find that Plaintiff's participation in the ENE held on May 25, 2011, was lacking good faith.  Plaintiff complied with the Court's Order (#46) and made a good faith attempt to participate in the ENE conference.   Because of the confidential nature of the ENE, the Court will not comment on what specifically transpired during the ENE session except to state that in compliance with the Court's order, Plaintiff submitted to the Court a detailed Confidential Written Evaluation Statement of the case prior to the ENE, attended the ENE conference, and actively participated.  Plaintiff was neither unprepared for the ENE nor was he recalcitrant during the conference.

The lack of settlement in this case did not result from the Plaintiff's failure to adequately prepare for the ENE.  While the Court would have hoped that the experience of discussing the benefits of compromising claims and probing the relative merits and likely exposures of both parties' cases would have caused Plaintiff to indicate a willingness to further negotiate with the Defendants, that did not occur.  The parties' failure to settle during a pretrial conference has no bearing on the Court's decision to impose sanctions.  Rule 16 "was not designed as a means for clubbing the parties-or one of them-into an involuntary compromise." *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir.1985).  Each party has a right to their day in court, if they so desire.  The Court therefore finds the Plaintiff participated in the ENE held on May 25, 2011, in good faith.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions (#52) is **denied**.

Dated this 1st day of September, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

-3-